UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPP'S TOWING SERVICE, INC.

    Plaintiff,

v.                                                           Case No. 8:17-cv-3002-T-33AAS

STATE NATIONAL INSURANCE
COMPANY, INC.,

    Defendant,
_____/

## ORDER

Stepp's Towing Service moves to compel discovery from State National. (Doc. 18). Stepp's Towing Service also moves for reasonable expenses incurred as a result of submitting its motion to compel. (*Id.*) State National objects to Stepp's Towing Service's motion to compel. (Doc. 20).[1] Stepp's Towing Service requested discovery relevant to its claims against State National and State National's objection was not substantially justified. Therefore, Stepp's Towing Service's motion to compel and request for reasonable expenses is **GRANTED**.

**I.    BACKGROUND**

On May 15, 2018, counsel for Stepp's Towing Service provided a draft "Notice of Taking Deposition Duces Tecum of Corporate Representative of State National

---

[1] State National submitted supplemental authority for support. (Doc. 21).

1

Insurance Company, Inc." to opposing counsel. (Doc. 18-2). After multiple attempts by Stepp's Towing Service to secure a deposition date, State National objected to the deposition topics and indicated that it intended to file a motion for protective order. (Docs. 18-4, 20). Two weeks later, State National still had not filed a motion for protective order and had not coordinated a deposition in response to the five dates Stepp's Towing Service originally offered. (Doc. 18, p. 3). As a result, Stepp's Towing Service submitted its motion to compel the corporate representative deposition. (*Id.*).

On March 5, 2018, Stepp's Towing Service served interrogatories on State National. (Doc. 18-5). In May 2018, Susan Masyada answered and objected to the interrogatories on behalf of State National; however, Ms. Masyada did not sign the answers as required by Rule 33(b)(5). (Doc. 18-6). At least as of the date of Stepp's Towing Service's motion to compel, the interrogatory answers remained unsigned and State National does not indicate that the interrogatory answers were signed after Stepp's Towing Service's motion to compel the signature. (Docs. 18, 20).

II. ANALYSIS

　　A.　**Motion to Compel Deposition Duces Tecum**

Under Federal Rule of Civil Procedure 26(b)(1), a party may obtain discovery about any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Discovery is meant to assist parties in ascertaining facts that bear on issues in the case. *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (citations omitted).

Federal Rule of Civil Procedure 37(a) allows a party to move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a). When a party objects to discovery, that party must specifically demonstrate how the requested discovery is unreasonable or unduly burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559–60 (11th Cir. 1985).

Here, Stepp's Towing Service moves to compel a deposition duces tecum of a State National corporate representative. (Doc. 18). Stepp's Towing Service's cause of action arises from an alleged breach of contract by State National. (Doc. 2). Specifically, Stepp's Towing Service claims State National failed to indemnify Stepp's Towing Service, required under an insurance agreement between the two parties, for an incident involving a damaged crane. (*Id.* at 2).

The topics Stepp's Towing Service wants the corporate representative to address and the documents Stepp's Towing Service wants the corporate representative to produce relate to the insurance agreement at the heart of this case. (Doc. 18-2). Stepp's Towing Service also wishes to ask State National's corporate representative about the basis on which State National denied coverage under its insurance agreement with Stepp's Towing Service. (*Id.* at 3). These matters are relevant to Stepp's Towing Service's claims against State National. Therefore, Stepp's Towing Service's motion to compel with respect to its notice of corporate representative deposition duces teum is granted.

### B. Motion to Compel Signed Interrogatories

Stepp's Towing Service moves to compel State National to provide "an executed and notarized signature page for its interrogatory answers." (Doc. 18, p. 4).

State National provided answers to the interrogatories Stepp's Towing Service served. (Doc. 18-6). But no officer or agent from State National signed the answered interrogatories. (*Id.* at 6). Under Federal Rule of Civil Procedure 33(b)(5), the officer or agent who answers the interrogatories must sign them. Fed. R. Civ. P. 33(b)(5). Therefore, Ms. Masyada must sign the answers and Stepp's Towing Service's motion to compel with respect to this request is granted.[2] Nothing in Rule 33(b)(5), however, requires that Ms. Masyada's signature be notarized.

### C. Motion for Reasonable Expenses

Stepp's Towing Service requests reimbursement of its reasonable expenses, including reasonable attorney's fees, incurred due to submitting its motion to compel. (Doc. 18, pp. 6–7).[3]

---

[2] State National's attorney signed the interrogatories. (Doc. 18-6). Corporate counsel can sign answers to interrogatories. *Skytruck Co., LLC v. Sikorsky Aircraft Corp.*, No. 2:09-CV-267-FtM-99SPC, 2011 WL 13137384, at *1 (M.D. Fla. Sept. 23, 2011) (citing *Wilson v. Volkswagon of Amer., Inc.*, 561 F.2d 494, 508 (4th Cir. 1977)). State National failed to provide information to suggest the attorney who signed the interrogatory is State National's corporate counsel. Therefore, the signature of an agent or officer is required.

[3] Stepp's Towing Service moved for sanctions under Federal Rule of Civil Procedure 37(b)(2). (Doc. 18, p. 6). But that rule applies after a party fails to follow a court order compelling discovery. Fed. R. Civ. P. 37(b)(1). Here, the court entered no order before Stepp's Towing Service submitted its motion to compel; therefore, the court must determine if reimbursing expenses is appropriate under Rule 37(a)(5).

Under Federal Rule of Civil Procedure 37(a)(5), if the court grants a motion to compel, the court must award the prevailing party reasonable expenses, including attorney's fees, incurred as a result of submitting the motion. Fed. R. Civ. P. 37(a)(5). The court must give the losing party an opportunity to be heard and the court must not award fees if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

*Id.* A party's objection to discovery is substantially justified if "reasonable people could differ as to the appropriateness of the contested action." *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997) (citation omitted).

Here, Stepp's Towing Service conferred with State National in good faith before submitting its motion to compel. (Doc. 18, p. 7). State National also had the opportunity to respond to Stepp's Towing Service's request for expenses. (Doc. 20).

With respect to whether State National's objection was substantially justified, in its response to the motion to compel, State National relied on *Fabricant v. Kemper Independent Insurance Company*, 474 F. Supp. 2d 1328 (S.D. Fla. Feb. 9, 2007).[4] In

---

[4] In its supplement, State National also provided *Citizens Property Insurance Corporation v. Mendoza, et al.*, Nos. 4D16-1302 and 4D17-2286, (Fla. Dist. 4th Ct. App. 2018). But that case addressed jury instructions at a state court trial—not discovery under the Federal Rules of Civil Procedure. Therefore, *Mendoza* is inapplicable to this case.

5

*Fabricant*, the court dismissed a complaint because no set of facts supported the plaintiff's claim for breach of a homeowner's insurance policy by the defendant. F. Supp. 2d at 1333. In dismissing the complaint, the court recognized that interpretation of an insurance question is a legal question determined by the court. *Id.* at 1330 (citation omitted).

State National relied on *Fabricant* to argue that many of the topics Stepp's Towing Service wished to ask State National's corporate representative are irrelevant to the legal question about whether State National had to indemnify Stepp's Towing Service under the insurance agreement. (Doc. 20, p. 4). For example, State National argues the claims process in which State National denied Stepp's Towing Service's claim (one of the topics Stepp's Towing Service wishes to discuss with State National corporate representative) is irrelevant to whether Stepp's Towing Service's claim was covered under the insurance agreement. (*Id.* at 4–5).

State National failed to substantially justify its objection. A party may seek discovery into any nonprivileged, relevant issue proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1); *ACLU of Fla., Inc.*, 859 F.3d at 1340 (citations omitted). Facts about the claims process and interpretations of Stepp's Towing Service's insurance agreement with State National are clearly relevant to whether State National failed to properly indemnify Stepp's Towing Service under their insurance

agreement and the requested discovery is proportional to the needs of this case.[5] Further, no other circumstance makes an award of expenses unjust under Rule 37(a)(5)(A)(iii).  *See* 10 James Wm. Moore et al., Moore's Federal Practice, § 37.23[3] (3d ed. 2017) (stating few cases discuss "which kind of circumstances would make an award of expenses unjust").

Therefore, Stepp's Towing Service's motion for reasonable expenses is granted in conformity with Rule 37(a)(5). Stepp's Towing Service is entitled to reasonable expenses, including attorney's fees, incurred in submitting its motion to compel.

## III. CONCLUSION

The topics Stepp's Towing Service seeks to address with the State National's corporate representative, and the materials it wants the corporate representative to produce, are relevant to its claims against State National.  The officer or agent who answered Stepp's Towing Service's interrogatories must sign the answers.  And State National's objections to Stepp's Towing Service's corporate representative deposition notice and its failure to have an officer or agent sign the interrogatory answers were not substantially justified.  Therefore, it is **ORDERED** that:

1. Stepp's Towing Service's motion to compel (Doc. 18) is **GRANTED**.

2. Unless the parties agree otherwise, by **July 20, 2018**, the parties must secure a mutually agreeable date for Stepp's Towing Service to depose

---

[5] The court also notes that it found no case law that applied *Fabricant* in the context of discovery disputes.

State National's corporate representative on the topics and with the documents requested in Stepp's Towing Service's Notice of Deposition Duces Tecum (Doc. 18-2).

3. By **July 20, 2018**, State National must provide signed answers to Stepp's Towing Service's interrogatories (Doc. 18-6), but the answers need not be notarized.

4. By **July 26, 2018**, the parties must confer in good faith to stipulate to the reasonable expenses, including attorney's fees, Stepp's Towing Service incurred related to its motion to compel.

5. If the parties fail to stipulate to reasonable expenses Stepp's Towing Service incurred, then, by **August 2, 2018**, Stepp's Towing Service may submit a motion for attorney's fees and expenses, including affidavits and supporting materials that support the total amount sought.

**ORDERED** in Tampa, Florida on this 12th day of July, 2018.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge